1

2

3

4                    UNITED STATES DISTRICT COURT

5                   NORTHERN DISTRICT OF CALIFORNIA

6

7    UNITED STATES OF AMERICA,                Case No. 14-cr-00120-EMC

8            Plaintiff,

9        v.                                   **ORDER DENYING DEFENDANTS'
                                              MOTION TO SEVER**
10   EDUARDO ALVAREZ, *et al.*,
                                              Docket No. 722
11           Defendants.

12

13        Defendants Rogelio Real and Juan Carlos Garcia-Gomez ("Defendants") moved to sever

14   their trial from that of co-defendants Jairo Hernandez and Carlos Vasquez.  Docket No. 722

15   ("Motion").  On June 8, 2016, the Government opposed this Motion ("Opposition").  The Court

16   heard argument on the Motion on June 29, 2016.  The Court **DENIED** the motion for reasons

17   stated on the record.  This order memorializes and supplements that ruling.

18                        **I.   FACTUAL BACKGROUND**

19        On March 6, 2014, a federal grand jury indicted seventeen defendants with various RICO-

20   related crimes.  Docket No. 241 ("Superseding Indictment").  Ten defendants pleaded guilty, and

21   the remaining seven defendants have been divided into two trial groups.  Dockets Nos. 404-411,

22   421; Docket No. 445 ("Original Pretrial Order") at 1.

23        The first group includes four defendants – Jairo Hernandez, Carlos Vasquez, Juan Carlos

24   Garcia-Gomez, and Rogelio Real.  *Id.*  All four defendants are charged with Racketeering

25   Conspiracy (Count I), Conspiracy to Commit Murder in Aid of Racketeering (Count II),

26   Conspiracy to Commit Assault with a Dangerous Weapon in Aid of Racketeering (Count III), and

27   Using and Carrying a Firearm During and in Relation to a Crime of Violence and Possessing a

28   Firearm in Furtherance of a Crime of Violence (Count IV or VI respectively).  *See* Superseding

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1    Indictment.  Separately, defendants Hernandez and Vasquez are charged with Murder in Aid of

2    Racketeering (Count V) and Use of a Firearm Causing Murder (Count VII) for the murder of

3    Edson Lacayo.  *See id.*  Defendants have not been charged in connection with this murder.

4    However, they are charged with Assault with a Dangerous Weapon in Aid of Racketeering (Count

5    VIII and XI) for stabbing suspected rival gang members with a knife and a screwdriver.  *See id.*

6                                     **II.    ANALYSIS**

7    A.    Legal Standard

8          "Two or more defendants may be charged in the same indictment or information if they are

9    alleged to have participated in the same act or transaction or in the same series of acts or

10   transactions constituting an offense or offenses."  Fed. R. Crim. P. 8(b).  Courts prefer joint trials

11   of defendants indicted together because joint trials "promote efficiency and serve the interests of

12   justice by avoiding the scandal and inequity of inconsistent verdicts."  *Zafiro v. United States*, 506

13   U.S. 534, 537 (1993).  However, joinder, even if proper under Rule 8, may prejudice a party.  *Id.*

14   at 538; *see also* Fed. R. Crim. P. 14 ("Rule 14").  Thus, "if the joinder of offenses or defendants . .

15   . appears to prejudice a defendant or the government, the court may order separate trials of counts,

16   sever the defendants' trials, or provide any other relief that justice requires."  Rule 14(a).

17         The Supreme Court has held that "a district court should grant severance under Rule 14

18   only if there is a serious risk that a joint trial would prejudice a specific trial right of one of the

19   defendants, or prevent the jury from making a reliable judgment about guilt or innocence."  *Zafiro*,

20   506 U.S. at 539.  The moving party bears the burden of proving that a joint trial is so manifestly

21   prejudicial that it violates the movant's right to a fair trial.  *United States v. Mitchell*, 502 F.3d

22   931, 963 (9th Cir. 2007).  The Ninth Circuit has outlined several factors that a court may consider

23   in inquiring into the prejudicial effect of a joint trial, including: (1) the jury's ability to "collate

24   and appraise the individual evidence against each defendant"; (2) the judge's diligence in

25   providing limiting instructions to the jury; (3) "whether the nature of the evidence and the legal

26   concepts involved are within the competence of the ordinary juror"; and (4) whether "joint trial

27   would compromise a specific trial right of one of the defendants, or prevent the jury from making

28   a reliable judgment about guilt or innocence."  *United States v. Fernandez*, 388 F.3d 1199, 1241

2

**United States District Court**
For the Northern District of California

1    (9th Cir. 2004).  Even if there is risk of prejudice, Rule 14 does not require severance.  "[R]ather,

2    it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion."

3    *Zafiro*, 506 U.S. at 539.

4    B.      Motion to Sever

5           Defendants move to sever their case from the trial of Hernandez and Vasquez, arguing that

6    a joint trial would be manifestly prejudicial to them, in violation of their right to due process.

7    Mot. at 4.  They contend a joint trial would create spillover prejudice because the jury will hear

8    evidence of the Lacayo murder, for which Defendants were not charged, and because Defendants

9    would be paired with co-defendants charged with more serious roles in the conspiracy.  *Id.* at 4-5.

10          "The prime consideration in assessing the prejudicial effect of a joint trial is whether the

11   jury can reasonably be expected to compartmentalize the evidence as it relates to separate

12   defendants."  *United States v. Escalante*, 637 F.2d 1197, 1201 (9th Cir. 1980).  Multiple charges

13   and defendants may challenge the jury's ability to evaluate the evidence against each defendant.

14   *Fernandez*, 388 F.3d at 1242.  Nonetheless, some prejudice is inherent in any joinder, and

15   "defendants are not entitled to severance merely because they may have a better chance of

16   acquittal in separate trials."  *Zafiro,* 506 U.S. at 540.  Moreover, "joint trial is particularly

17   appropriate where the co-defendants are charged with conspiracy," because the same evidence is

18   admissible against each conspirator.  *Fernandez*, 388 F.3d at 1242.

19          Here, Defendants have failed to demonstrate that a joint trial with Hernandez and Vasquez

20   would be manifestly prejudicial.  Although Defendants contend it would be prejudicial for the jury

21   to hear evidence of the Lacayo murder, the same evidence would be introduced even if they were

22   tried separately.  *See* Opp. at 5.  Specifically, the Government asserts that it will introduce

23   evidence of the Lacayo murder to prove Defendants' RICO conspiracy charges.  *Id*.  Defendants

24   also claim that pairing Defendants with Hernandez and Vasquez is highly prejudicial because

25   Hernandez and Vasquez have been charged with more serious roles within the conspiracy.  Mot. at

26   5.  However, "the fact that a defendant is to be tried with a more culpable defendant [is] not

27   enough to require severance."  *Baker*, 10 F.3d at 1388.

28          Moreover, the nature of the charges and the availability of limiting instructions weigh

3

United States District Court
For the Northern District of California

1   against severing Defendants' trial.  Courts discount the prejudicial effect in cases where the nature

2   of the evidence and the legal concepts involved are not difficult.  *See Baker*, 10 F.3d at 1388.  In

3   *Fernandez*, the Ninth Circuit held that a jury may be expected to evaluate evidence against each

4   defendant in a large RICO and VICAR case.  *See* 388 F.3d at 1242-44.  Here, the case similarly

5   deals with RICO and VICAR charges, which an ordinary juror can understand.  Additionally,

6   Defendants have not demonstrated why limiting instructions would not address their concerns of

7   prejudicial spillover.  The Ninth Circuit has held that a district court's careful limiting instructions

8   "can reduce or eliminate any possibility of prejudice arising from a joint trial."  *Id.* at 1243.

9   Defendants claim that limiting instructions would not be sufficient here, but do not explain why.

10   Mot. at 6.  Since "juries are presumed to follow their instructions" and Defendants do not even

11   attempt to rebut this presumption, their argument is not persuasive.  *See Zafiro*, 506 U.S. at 540.

12   　　　Severing Defendants from the trial of Hernandez and Vasquez also would raise concerns

13   for judicial economy and witness safety.  Given that the Government plans to introduce evidence

14   of acts committed by co-conspirators to prove Defendants' RICO conspiracy charges, severing

15   Defendants' trial would not be efficient.  And there are serious concerns for the safety of witnesses

16   who may have to testify three times if Defendants' trial is severed.  Each time witnesses testify in

17   court, there is a greater chance that other gang members will become aware of their cooperation

18   with the government and retaliate against them.  Given that the same evidence and witnesses

19   would be introduced even if Defendants were tried separately, creating a third trial group raises

20   serious concerns for judicial economy and safety of witnesses without significantly reducing

21   prejudice to Defendants.

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

4

### III.   CONCLUSION

For the foregoing reasons, the Court **DENIES** the Motion to Sever.

This order disposes of Docket No. 722.


**IT IS SO ORDERED**.


Dated: July 7, 2016

_____
EDWARD M. CHEN
United States District Judge