UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>JUAN CARLOS GARCIA-GOMEZ,<br>Defendant. | Case No. 14-cr-00120-EMC-5<br><br>**ORDER TO SHOW CAUSE**<br>Docket No. 1032 |

Defendant Juan Carlos Garcia-Gomez has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Docket No. 1032. In his motion, Mr. Garcia-Gomez contends that his counsel was ineffective in three respects. First, counsel advised Mr. Garcia-Gomez to plead guilty to Count 4 of the superseding indictment (using, carrying, or possessing a firearm during and in relation to, or in furtherance of, a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)) despite Mr. Garcia-Gomez telling counsel that he "neither possessed nor carr[ied]" a gun. *Id.* at 5. Second, counsel failed to file an appeal of Mr. Garcia-Gomez's conviction even though he requested that counsel do so. *Id.* at 6. Third, counsel failed to argue that Mr. Garcia-Gomez should not have been convicted of Count 4 because "Counsel knew or should have known that during the time of sentencing, the Ninth Circuit held that [18 U.S.C. §] 924(c)(3)(B) was unconstitutional[ly] vague" in *Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015), *aff'd sub nom. Sessions v. Dimaya*, 138 S. Ct. 1204 (2018).[1] Docket No. 1032 at 8.

---

[1] In *Dimaya*, the Ninth Circuit held (and the Supreme Court subsequently affirmed) that the definition of "crime of violence" in 18 U.S.C. § 16(b) is unconstitutionally vague. 803 F.3d at 1120. The definition of "crime of violence" in § 924(c)(3)(B), which is incorporated into § 924(c)(1)(A), is identical to that in § 16(b). Accordingly, several courts have concluded that § 924(c)(3)(B) is likewise unconstitutionally vague. *See United States v. Davis*, 903 F.3d 483, 486 (5th Cir. 2018); *United States v. Eshetu*, 898 F.3d 36, 37 (D.C. Cir. 2018); *United States v. Salas*,

Pursuant to the Federal Rules Governing Section 2255 Proceedings, the Court has conducted a preliminary review of the motion. *See* Fed. R. Governing § 2255 Proceedings 4 (providing that "[t]he judge who receives the motion must promptly examine it"). Based on this review, the Court cannot say that it "plainly appears from the motion . . . that the moving party is not entitled to relief." *Id.* Accordingly, the Court hereby orders the United States to respond to the motion per the schedule below. *See id.* (providing that, "[i]f the motion is not dismissed, the judgment must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order").

1. The United States shall file a response to Mr. Garcia-Gomez's motion within sixty (60) days of the date of this order.

2. If the United States files an answer, it must conform to Rule 5 of the Federal Rules Governing § 2255 Proceedings. If the United States files an answer, Mr. Garcia-Gomez may submit a reply within ninety (90) days of the date of this order.

3. If the United States responds with, *e.g.*, a motion to dismiss or any other motion for relief, the parties shall meet and confer to discuss a mutually agreeable briefing schedule.

**IT IS SO ORDERED**.

Dated: December 18, 2018

_____
EDWARD M. CHEN
United States District Judge

---

889 F.3d 681, 686 (10th Cir. 2018). *But see United States v. Douglas*, 907 F.3d 1, 15 (1st Cir. 2018); *Ovalles v. United States*, 905 F.3d 1231, 1252 (11th Cir. 2018) (en banc); *United States v. Barrett*, 903 F.3d 166, 184 (2d Cir. 2018). The Ninth Circuit has yet to address the constitutionality of § 924(c)(3)(B).