UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. JUAN CARLOS GARCIA-GOMEZ, Defendant. | Case No. 14-cr-00120-EMC-5<br><br>**ORDER GRANTING UNITED STATES' MOTION TO STAY DEFENDANT'S 28 U.S.C. § 2255 PETITION**<br><br>Docket No. 1042 |

## I.  INTRODUCTION

On December 12, 2017, Defendant Juan Carlos Garcia-Gomez was sentenced to a term of 180 months after pleading guilty to six counts of his superseding indictment. *See* Docket No. 964. On December 12, 2018, Mr. Garcia-Gomez filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Docket No. 1032. The § 2255 motion asked for Mr. Garcia-Gomez to be resentenced without Count 4 of the superseding indictment (using, carrying, or possessing a firearm during and in relation to, or in furtherance of, a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)), on the ground that his counsel was ineffective in three respects. First, counsel advised Mr. Garcia-Gomez to plead guilty to Count 4 despite Mr. Garcia-Gomez telling counsel that he "neither possessed nor carr[ied]" a gun. *Id.* at 5. Second, counsel failed to file an appeal of Mr. Garcia-Gomez's conviction even though he requested that counsel do so. *Id.* at 6. Third, counsel failed to argue that Mr. Garcia-Gomez should not have been convicted of Count 4 because "Counsel knew or should have known that during the time of sentencing, the Ninth Circuit held that [18 U.S.C. §] 924(c)(3)(B) was unconstitutional[ly] vague" in *Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015), *aff'd sub nom. Sessions v. Dimaya*, 138 S. Ct.

1204 (2018), but failed to raise the issue. Docket No. 1032 at 8.

On December 18, 2018, the Court ordered the Government to respond to the § 2255 motion within 60 days. Docket No. 1033. On January 11, 2019, the Government filed the instant motion to stay proceedings pending the Supreme Court's decision in *United States v. Davis*, No. 18-431 (cert. granted Jan. 4, 2019), and the Ninth Circuit's decision in *United States v. Begay*, No. 14-10080 (filed Feb. 20, 2014). Docket No. 1042 ("Mot."). The Government notes that *Davis* and *Begay* are likely to resolve one of the questions raised by Mr. Garcia-Gomez's § 2255 motion—whether the residual clause of 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague in light of *Dimaya*. Mot. at 2. The Government contends that "[g]ranting a stay will conserve resources by allowing the parties to address the Ninth Circuit's decision in *Begay* and the Supreme Court's decision in *Davis*." *Id.* at 3.

## II. DISCUSSION

As the Supreme Court explained in *Landis v. North American Co.*, 299 U.S. 248 (1936), "a district court possesses the inherent power to control its docket and promote efficient use of judicial resources" by staying proceedings. *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (citing *Landis*, 299 U.S. at 254–55). This power may be exercised to stay a case "pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979).

To determine whether a *Landis* stay should be implemented, courts consider: (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254–55).

A. <u>Orderly Course of Justice</u>

The third *Landis* factor is the primary one the Government addresses. The Government points out that the resolution of *Davis* and *Begay* will potentially simplify a question of law in this case. The third claim for relief raised in Mr. Garcia-Gomez's § 2255 motion is that

2

§ 924(c)(3)(B)'s residual clause is unconstitutionally vague following *Dimaya*. In *Dimaya*, the Ninth Circuit held, and the Supreme Court subsequently affirmed, that the definition of "crime of violence" in 18 U.S.C. § 16(b) is unconstitutionally vague. 803 F.3d at 1120. The definition of "crime of violence" in § 924(c)(3)(B)'s residual clause is identical to that in § 16(b), and a circuit split has developed regarding whether § 924(c)(3)(B) is likewise unconstitutionally vague. *Compare United States v. Davis*, 903 F.3d 483, 486 (5th Cir. 2018) (holding that § 924(c)(3)(B) is unconstitutionally vague); *United States v. Eshetu*, 898 F.3d 36, 37 (D.C. Cir. 2018) (same); *United States v. Salas*, 889 F.3d 681, 686 (10th Cir. 2018) (same), *with United States v. Douglas*, 907 F.3d 1, 15 (1st Cir. 2018) (holding that § 924(c)(3)(B) is not unconstitutionally vague); *Ovalles v. United States*, 905 F.3d 1231, 1252 (11th Cir. 2018) (en banc) (same); *United States v. Barrett*, 903 F.3d 166, 184 (2d Cir. 2018) (same).

The Supreme Court in *Davis* granted certiorari on this question: "Whether the subsection-specific definition of 'crime of violence' in 18 U.S.C. § 924(c)(3)(B) . . . is unconstitutionally vague." Petition for Writ of Certiorari at I, *United States v. Davis*, No. 18-431, 2018 WL 4896751, at *I. The Ninth Circuit in *Begay* ordered briefing on the same question.[1] *See Begay*, No. 14-10080, Docket No. 55 (requesting "supplemental briefs addressing the issue of whether 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague"). Accordingly, the issues underlying Mr. Garcia-Gomez's third claim will likely be simplified by decisions in *Davis* and *Begay*.

Moreover, if § 924(c)(3)(B)'s residual clause is found to be unconstitutionally vague, the two other claims in Mr. Garcia-Gomez's § 2255 motion, which concern the factual basis of his plea to Count 4, will be moot.[2] Thus, this factor weighs in favor of a stay.

B. <u>Possible Damage from Granting Stay</u>

*Landis* cautions that "if there is even a fair possibility that the stay . . . will work damage to some one else," it would be inappropriate to grant a stay absent a showing by the moving party of

---

[1] After certiorari was granted in *Davis*, the Ninth Circuit stayed proceedings in *Begay* pending the disposition of *Davis*. *See Begay*, No. 14-10080, Docket No. 107.

[2] This is true unless the Court finds that Mr. Garcia-Gomez's predicate offenses constitute crimes of violence under the elements clause of § 924(c)(3)(B), a position the Government intends to argue. *See* Mot. at 2.

3

"hardship or inequity." 299 U.S. at 255. And the Ninth Circuit has emphasized that "habeas proceedings implicate special considerations that place unique limits on a district court's authority to stay a case in the interests of judicial economy." *Yong v. INS*, 208 F.3d 1116, 1121 (9th Cir. 2000). "Like a habeas petition, a § 2255 motion 'challenging illegality of detention, is reduced to a sham if trial courts do not act within a reasonable time.'" *United States v. McIntosh*, No. CR 08-0377 CW, 2016 WL 11158782, at *1 (N.D. Cal. Oct. 25, 2016) (quoting *Yong*, 208 F.3d at 1120).

Here, however, a limited stay of this case until the disposition of *Davis* and *Begay* presents a minimal risk of harm to Mr. Garcia-Gomez. Even if he is granted the relief he seeks—resentencing without Count 4—his new sentence would likely be substantial; he was sentenced to 120 months on the other counts even without the consecutive 60 months added by Count 4.[3] Because he has served less than five years of that sentence, it is unlikely that the requested stay would cause him to spend any more time in prison than he would otherwise have to serve should relief be granted herein; *Davis* and *Begay* are likely to be decided within a year or so. Accordingly, this factor also weighs in favor of a stay.

C. <u>Possible Hardship or Inequity from Denying Stay</u>

The Government does not argue that it would suffer any hardship or inequity if the stay is denied. However, in light of the simplification of legal issues and minimal risk of harm to Mr. Garcia-Gomez that would result from a stay, the *Landis* factors on balance weigh in favor of granting the Government's motion.

///
///
///
///

---

[3] Count 4 of Mr. Garcia-Gomez's sentence carries a mandatory minimum of 60 months, to be served consecutive to any other term of imprisonment. *See* Docket No. 963 at 15. The remaining counts correspond to a sentencing guidelines range of 360 months to life. *See id.* at 16. Per Mr. Garcia-Gomez's binding plea agreement, he was sentenced to a total of 180 months imprisonment (60 months for Count 4 in addition to 120 months for the remaining counts). *See* Docket No. 827 at 10. Mr. Garcia-Gomez's § 2255 motion challenges only the portion of his sentence under Count 4. Thus, the remaining portion of his sentence is unlikely to change even if his motion is successful.

4

### III. CONCLUSION

For the foregoing reasons, the motion to stay Mr. Garcia-Gomez's § 2255 proceedings pending dispositions in *Davis* and *Begay* is **GRANTED**.

This order disposes of Docket No. 1042.

**IT IS SO ORDERED**.

Dated: January 25, 2019

_____
EDWARD M. CHEN
United States District Judge

5